Citation Nr: 1602957 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 10-36 165 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to service connection for a psychiatric disorder, to include schizoaffective disorder, atypical psychosis with psychotic features, depressive disorder, psychotic depression, panic disorder, thought disorder, anxiety related disorder, or posttraumatic stress disorder. 


REPRESENTATION

Veteran represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

The Veteran and her daughter



ATTORNEY FOR THE BOARD

Avery M. Schonland, Associate Counsel


INTRODUCTION

The Veteran had active service from July 1975 to March 1977. This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2009 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Indianapolis, Indiana. The Board notes that during the course of the appeal, the Veteran moved from Indiana to Alabama. The RO in Montgomery certified this case to the Board on appeal. 

In November 2013, the Board remanded the case in order to afford the Veteran with a videoconference hearing. In November 2015, the Veteran testified at that videoconference hearing before the undersigned Veterans Law Judge. A transcript of the hearing is of record. 

Although the issue on appeal was characterized by the RO as entitlement to service connection for posttraumatic stress disorder (PTSD), in light of the Veteran's assertions and the evidence of record, the Board has recharacterized the issue more broadly. See Clemons v. Shinseki, 23 Vet. App. 1, 5-6, 8 (2009) (holding that the scope of a mental health disability claim includes any mental disability that may reasonably be encompassed by a claimant's description of the claim, reported symptoms, and the other information of record). 

This case consists entirely of documents in the Veterans Benefits Management System (VBMS) and Virtual VA. All documents in Virtual VA are duplicative of those in VBMS or are irrelevant to the issue on appeal. Any future consideration of this Veteran's case should take into consideration the existence of this electronic record. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

First, remand is required to attempt to obtain private medical records. VA's duty to assist claimants to obtain evidence needed to substantiate a claim includes making reasonable efforts to obtain relevant private medical records. 38 C.F.R. § 3.159(c)(1). In January 2009, the Veteran submitted a VA Form 21-4142 to authorize the release of treatment records from the Woodland Hospital. It does not appear that the RO has attempted to obtain these records. 

Second, remand is required to attempt to obtain VA treatment records. VA's duty to assist includes making as many requests as are necessary to obtain relevant VA medical records. 38 C.F.R. § 3.159(c)(2). At the November 2015 hearing and in an October 2013 statement, the Veteran reported current treatment at the Birmingham VAMC. The most recent VA treatment records available are June 2010 treatment records from the Indianapolis VAMC and July 2008 treatment records from the Birmingham VAMC. Therefore, remand is required to obtain the outstanding VA and private treatment records. 

Third, remand is required to obtain an adequate examination. Where VA provides the veteran with an examination in a service connection claim, the examination must be adequate. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). Here, a June 2009 VA examination was provided. That examiner ruled out a diagnosis for PTSD, and diagnosed schizoaffective disorder. The examiner offered a negative medical nexus opinion for schizoaffective disorder; however, that opinion did not address the other diagnoses of record or the onset of symptoms during service. The Veteran testified at the November 2015 Board hearing that her symptoms of jumpiness and depression began in service, and have remained the same since that time. Moreover, the VA treatment records establish additional diagnoses for atypical psychosis with psychotic features, depressive disorder, psychotic depression, panic disorder, and thought disorder; while the Social Security Administration (SSA) records reflect an additional diagnosis of an anxiety related disorder. Accordingly, remand is required.

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and afford her the opportunity to identify by name, address, and dates of treatment or examination any relevant medical records. A specific request should be made for any records from Woodland Hospital for September 2005 treatment. Subsequently, and after securing the proper authorizations where necessary, arrange to obtain all the records of treatment or examination from all the sources listed by the Veteran that are not already on file. All information obtained must be made part of the file. All attempts to secure this evidence must be documented in the claims file, and if, after making reasonable efforts to obtain named records, they are not able to be secured, provide the required notice and opportunity to respond to the Veteran and her representative. 

2. Contact any appropriate VA medical facility, and obtain and associate with the claims file all outstanding records of treatment. A specific request should be made for any records from the Birmingham VAMC for treatment since July 2008 and the Indianapolis VAMC for treatment since June 2010. If any requested records are not available, or the search for any such records otherwise yields negative results, that fact must clearly be documented in the claims file. Efforts to obtain these records must continue until it is determined that they do not exist or that further attempts to obtain them would be futile. The non-existence or unavailability of such records must be verified, and this should be documented for the record. The required notice must then be provided to the Veteran and her representative. 

3. After completing the foregoing development, schedule the Veteran for an appropriate VA examination(s) to determine the likely etiology of a psychiatric disorder. The claims file and a copy of this remand must be made available to and reviewed by the examiner in conjunction with the examination. Any indicated tests and studies must be accomplished. An explanation for all opinions expressed must be provided. 

First, the examiner must state all appropriate psychological diagnoses. If a previously diagnosed disorder, to include schizoaffective disorder, depressive disorder, psychosis, panic disorder, psychotic depression, thought disorder, anxiety related disorder, and PTSD, is not diagnosed, a full explanation must be provided. 

Second, if the Veteran's symptoms are consistent with a PTSD diagnosis, the examiner should state whether it is at least as likely as not (50 percent or higher probability) that the Veteran's PTSD either began during service or is related to any incident of service. The examiner should indicate the stressor or stressors upon which the diagnosis is based. The examiner should also note the particulars of this Veteran's medical history. 

Third, the examiner must also provide an opinion regarding whether it is at least as likely as not (whether there is a 50 percent or greater probability) that each non-PTSD psychiatric disorder either began during service or is related to any incident of service. The examiner should note the particulars of this Veteran's medical history and the relevant medical science as applicable to this claim. 

4. Notify the Veteran that it is his responsibility to report for any scheduled examination and to cooperate in the development of the claim, and that the consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2015). In the event that the Veteran does not report for any scheduled examination, documentation must be obtained which shows that notice scheduling the examination was sent to the last known address. It must also be indicated whether any notice that was sent was returned as undeliverable.

5. Review the examination report to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the AOJ must implement corrective procedures. Stegall v. West, 11 Vet. App. 268, 271 (1998). 

6. After completing the above action, and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claim must be readjudicated. If the claim remains denied, a supplemental statement of the case must be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. MILLIKAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).